Filed 10/21/22 P. v. May CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073498 |
| v. | (Super.Ct.No. RIF100589) |
| BRETT ALAN MAY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed with directions.

Marilee Marshall, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland and Julie L. Garland, Assistant Attorneys General, Christopher P. Beesley, Alan M. Amann, Daniel Rogers, and Lise S. Jacobson, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2006, a jury convicted Brett May of first degree felony murder with a true finding on the robbery-murder special circumstance. (Pen. Code, § 190.2, subds. (a)(17)(A) &(d).)[1] In 2019, May filed a petition to vacate his murder conviction under section 1172.6 (formerly section 1170.95).[2] The trial judge summarily denied the petition on the ground the special circumstance finding rendered May categorically ineligible for resentencing because it demonstrated the jury found he was "a major participant" in the underlying robbery and acted "with reckless indifference to human life." (§ 190.2, subd. (d).)

May appealed the denial of his petition. He argued he alleged a prima facie case for relief because there was insufficient evidence to support a finding that he was a major participant who acted with reckless indifference to human life under *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which were issued years after his conviction and clarified what "major participant" and "reckless indifference to human life" mean for purposes of section 190.2, subdivision (d). In our original opinion, we conducted a sufficiency of the evidence review and concluded the special circumstance finding was supported by substantial evidence under the legal standards articulated in *Banks* and *Clark*, and we therefore affirmed the summary denial of May's petition.

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We use section 1172.6 to refer to whichever of the two statutes was in effect at the relevant time.

The California Supreme Court granted review of our opinion and deferred action pending its decisions in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), and it has now transferred the matter back to us with directions to vacate our original opinion and reconsider May's appeal in light of those decisions. Having done so, we conclude May has demonstrated a prima facie case for relief and is therefore entitled to an evidentiary hearing under section 1172.6, subdivision (d). We therefore reverse.

## I

## FACTS

In 2001, May and his codefendant Terrell Law committed a home invasion robbery during which one of them shot and killed one of the two victims. Because they were both wearing ski masks during the robbery, the surviving victim could not identify which defendant was the shooter. In 2006, May and Law were jointly tried to two separately empaneled juries.[3]

May's jury convicted him of first degree felony murder with a robbery-murder special circumstance; one count of attempted robbery; and two counts of assault with a firearm. They found true the allegations that a principal was armed with a firearm during the attempted robbery and that May personally and intentionally used a firearm during the murder and attempted robbery. The trial court sentenced May to 19 years 4 months in

---

[3] Law also filed a section 1172.6 petition for resentencing, which is the subject of a separate appeal in case no. E072845.

prison plus life without the possibility of parole. In 2008, we affirmed May's conviction in our unpublished decision, *People v. May* (Sept. 5, 2008, E041967).

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding that the defendant acted with reckless indifference to human life. Instead, the fact finder must consider "the defendant's *personal* role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*, italics added.) *Banks* provided a nonexhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony, and *Clark* provided a similar list for determining whether the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619-623.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), which, among other things, amended the definition of felony murder in section 189 and created a procedure for vacating murder convictions predating the amendment

4

that could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.) Following this procedure, in July 2019, May's counsel filed a petition to vacate his murder conviction. The petition alleged May had been convicted of first degree murder under a felony-murder theory and could not be convicted of murder under the new law because he was not a major participant in the felony and did not act with reckless indifference to human life during its commission.

Riverside County Superior Court Judge John D. Molloy summarily denied the petition. He concluded the jury's true finding on the robbery-murder special circumstance demonstrated as a matter of law that the jury found he was a major participant in the robbery who acted with reckless indifference to human life.

## II

## ANALYSIS

A. *SB 1437 and Section 1172.6*

SB 1437 "amend[ed] the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent the to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) As noted, SB 1437 also created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law. (Stats. 2018, ch. 1015, § 4.)

5

Under section 1172.6, such offenders may petition to have their convictions vacated and are entitled to relief if (1) the complaint or information filed against them allowed the prosecution to proceed under the felony-murder rule or natural and probable consequences doctrine, (2) they were "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder", and (3) they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).) If a petition makes a prima facie showing the offender is entitled to relief, the judge must issue an order to show cause and hold "a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (c), (d)(1).) At that hearing, the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).)

B.  *May Is Entitled to a Hearing*

In *Lewis*, our Supreme Court provided guidance on assessing whether a petitioner has made a prima facie showing entitling them to an evidentiary hearing under section 1172.6, subdivision (d). The court explained that the inquiry is limited to the allegations in the petition and undisputed facts from the record of conviction (which includes the appellate opinion). (*Lewis*, *supra*, 11 Cal.5th at p. 971.) As in "the analogous prima facie

6

inquiry in habeas corpus proceedings," the trial court must accept the petitioner's factual allegations as true "and make[] a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." (*Ibid.*)

It is only where the record of conviction establishes the petition lacks merit as a matter of law that the court may deny the petition without a hearing. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

In *Strong*, our Supreme Court held that a true finding on a robbery-murder special circumstance that predates *Banks* and *Clark* does not render a section 1172.6 petitioner ineligible for relief as a matter of law because the finding was made "under outdated legal standards." (*Strong*, *supra*, 13 Cal.5th at p. 720.) In addition, *Strong* also held that a court's postconviction determination that substantial evidence supports the finding under *Banks* and *Clark* also does not render the petitioner ineligible as a matter of law because the determination "would not involve a determination beyond a reasonable doubt that [the current legal standards] were met." (*Strong*, at p. 720.)

Having reconsidered this case under these principles, we conclude May has established a prima facie case for relief because (1) his 2006 special circumstance finding predates *Banks* and *Clark* and (2) our previous conclusion that substantial evidence supports the finding under the standards articulated in those decisions does not "amount[]

7

to the [prima facie] determination section 1172.6 requires." (*Strong*, *supra*, 13 Cal.5th at p. 720.)

## III

## DISPOSITION

We reverse the order denying the petition. On remand, the trial court shall issue an order to show cause and conduct an evidentiary hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

RAMIREZ
P. J.

MENETREZ
J.